**BERVAR & JONES**
Birney B. Bervar, bbb@bervar-jones.com (Hawaii Bar No. 5482)
Alakea Corporate Tower
1100 Alakea Street, 20th Floor
Honolulu, Hawaii 96813
Telephone: (808) 550-4990

**BURSOR & FISHER, P.A.**
L. Timothy Fisher, ltfisher@bursor.com (*Pro Hac Vice* forthcoming)
Blair E. Reed, breed@bursor.com (*Pro Hac Vice* forthcoming)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455

**REICH RADCLIFFE & HOOVER LLP**
Marc G. Reich, mgr@reichradcliffe.com (Admitted *Pro Hac Vice*)
Adam T. Hoover, adhoover@reichradcliffe.com (*Pro Hac Vice* forthcoming)
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660
Telephone: (949) 975-0512

*Counsel for Plaintiff Herb Souza*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HERB SOUZA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HAWAIIAN ISLES KONA COFFEE COMPANY, LTD.,<br><br>Defendant. | CIVIL NO. 1:20-cv-00158-LEK-RT<br><br>**PLAINTIFF'S SCHEDULING CONFERENCE STATEMENT** |

# PLAINTIFF'S SCHEDULING CONFERENCE STATEMENT

Plaintiff HERB SOUZA, on behalf of himself and all others similarly situated, ("**Plaintiff**"), by and through his counsel, submits this scheduling conference statement pursuant to LR 16.2(b) in advance of the October 29, 2020 Scheduling Conference as follows:

**a. Statement Of The Nature Of The Case**

On April 14, 2020, Andrew Chung, on behalf of himself and all others similarly situated, filed the Class Action Complaint [Dkt. No. 1] initiating the above-captioned action—a class action lawsuit concerning the labeling of Kona coffee products.

On June 8, 2020, the First Amended Class Action Complaint [Dkt. No. 11] (the "FAC") was filed.  The FAC substituted Herb Souza in place of Andrew Chung as the named Plaintiff.

Defendant packaged, advertised, marketed, distributed, and sold coffee to consumers via retail stores throughout the United States based on the misrepresentation that the coffee is grown in, and originates from, the Kona region of the Big Island of Hawaii ("Kona").  Defendant did this by, among other things, prominently placing the word "Kona" on the packaging of the coffee and by stating and implying that the coffee was grown in Kona.  The falsely advertised coffee products at issue in this action include, but are not limited to, Defendant's "Kona

Classic," "Kona Sunrise," "Kona Hazelnut," and "Kona Vanilla Macadamia Nut" coffee products (hereinafter, referred to as the "Kona Labeled Coffee Products" or "Products"). However, contrary to these representations, the Kona Labeled Coffee Products actually are made with commodity coffee beans grown in various less-desirable locations around the world.

Kona coffee generally sells for a significant premium over non-Kona coffee. Plaintiff and other consumers purchased Defendant's Kona Labeled Coffee Products because they reasonably believed, based on Defendant's packaging and advertising that the Products are grown in the Kona. Had Plaintiff and other consumers known that the Kona Labeled Coffee Products were not grown in Kona, they would not have purchased the Products or would have paid significantly less for them. As a result, Plaintiff and other consumers have been deceived and have suffered economic injury.

In the FAC, Plaintiff seeks compensatory, statutory and punitive damages, restitution and injunctive relief for violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.,* violation of California's False Advertising Law ("FAL"), for common law fraud, negligent misrepresentation, unjust enrichment, breach of implied warranty of merchantability, and breach of express warranty.

Plaintiff seeks to represent a class defined as all persons in the United States who purchased the Products (the "Class"). Excluded from the Class are persons who made such purchases for purpose of resale. Plaintiff also seeks to represent a subclass of all Class members who purchased the Products in California (the "California Subclass"). Excluded from the California Subclass are persons who made such purchases for purpose of resale.

b. **Statement Of Jurisdiction And Venue**

This Court has personal jurisdiction over Defendant. Defendant is incorporated and has its principal place of business in Hawaii.

This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

Venue is proper in this District under 28 U.S.C. § 1391(a). Substantial acts in furtherance of the alleged improper conduct, including the dissemination of false

and misleading information and omissions regarding the Kona Labeled Coffee Products, occurred within this District.

c. **Whether A Jury Trial Has Been Demanded**

Plaintiff has demanded a jury trial.

d. **Appropriateness, Extent, And Timing Of Disclosures Pursuant To Fed. R. Civ. P. 26 And 26.1 That Are Not Covered By Report Filed Pursuant To Fed. R. Civ. P. 26(f)**

The parties are currently in settlement negotiations and have agreed to postpone exchanging initial disclosures at this time, but are amenable to exchanging initial disclosures within thirty days after the Court rules on the pending Motion to Dismiss.

e. **Discovery And Pending Motions And Hearing Dates**

   a. *Scope Of Discovery*

If the case does not settle and proceeds past the pleading stage, Plaintiff intends to seek written and deposition discovery regarding, among other things:

1. Defendant's policies and practices regarding preparing, selling and marketing its Kona Labeled Coffee Products;
2. Defendant's sales data during the Class Period, including how many Kona Labeled Coffee Products were sold;
3. Defendant's ingredients for its Kona Labeled Coffee Products;
4. Defendant's employee training policies and procedures; and

5. Defendant's advertising and marketing plans regarding its Kona Labeled Coffee Products.

b. *Limitations/Modifications*

Plaintiff does not propose any changes to the discovery limitations set forth in the Federal Rules of Civil Procedure at this time.

c. *E-Discovery*

Plaintiff will produce documents in PDF format.

d. *Identified Discovery Disputes*

The parties have not yet engaged in discovery and do not currently anticipate any discovery disputes.

e. *Pending Motions*

Defendant has filed a motion to dismiss. Judge Kobayashi has set a Status Conference for October 30, 2020 regarding the motion to dismiss.

f. **Appropriateness Of Special Procedures Or Other Matters**

The parties are currently in settlement negotiations, and, thus, Plaintiff does not believe that any special procedures are appropriate at this time.

**g.  Related Cases (Including Pending And Terminated Cases)**

A class action lawsuit, filed on February 27, 2019, on behalf of growers of Kona coffee against Defendant and other coffee sellers is pending in the United States District Court for the Western District of Washington.  That case is entitled *Corker v. Costco Wholesale Corp. et al.*, Case No. 2:19-cv-00290.  Though there is overlap between the cases, they seek certification of different classes.

On March 1, 2019, a class action complaint was filed in the United States District for the Western District of Washington, Case No. 2:19-cv-00305, on behalf of a class of consumers against Defendant and other coffee sellers seeking relief for the same misconduct alleged in the present case (the "Bond Case").  The Bond Case was voluntarily dismissed by the Plaintiffs.

On March 5, 2019, a class action complaint was filed in the United States District for the Central District of California, Case No. 8:19-cv-00432, on behalf of a class of consumers against Defendant seeking relief for the same misconduct alleged in the present case (the "DeArmey Case").  The DeArmey Case was voluntarily dismissed by the Plaintiff.

h. **Additional Matters**

The parties have discussed alternative dispute resolution options and are currently in settlement negotiations.

DATED: October 22, 2020             **BERVAR & JONES**


By: _____/s/ Birney B. Bervar_____
    Birney B. Bervar

**BURSOR & FISHER, P.A.**
L. Timothy Fisher*
Blair E. Reed*

**REICH RADCLIFFE & HOOVER LLP**
Marc G. Reich (*pro hac vice*)
Adam T. Hoover*

(**Pro Hac Vice* motion forthcoming)

*Counsel for Plaintiff Herb Souza*