CARLSMITH BALL LLP

KARL K. KOBAYASHI        3112
WILLIAM M. HARSTAD       8942
TINA M. TSUCHIYAMA       10820
ASB Tower, Suite 2100
1001 Bishop Street
Honolulu, HI 96813
Tel No. 808.523.2500
Fax No. 808.523.0842
kkobayashi@carlsmith.com
wharstad@carlsmith.com
ttsuchiyama@carlsmith.com

Attorneys for Defendant
HAWAIIAN ISLES KONA COFFEE COMPANY, LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HERB SOUZA, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HAWAIIAN ISLES KONA COFFEE COMPANY, LTD.,<br><br>　　　　Defendant. | CIVIL NO. 1:20-cv-00158-LEK-RT<br><br>DEFENDANT HAWAIIAN ISLES KONA COFFEE COMPANY, LTD.'S **RULE 16 SCHEDULING CONFERENCE STATEMENT**; CERTIFICATE OF SERVICE<br><br>**Scheduling Conference**<br>Date: October 29, 2020<br>Time: 9:00 A.M.<br>Judge: Hon. Judge Rom A. Trader |

**DEFENDANT HAWAIIAN ISLES KONA COFFEE COMPANY, LTD.'S
RULE 16 SCHEDULING CONFERENCE STATEMENT**

Defendant Hawaiian Isles Kona Coffee Company, Ltd. ("**HIKC**"), through

its attorneys, Carlsmith Ball LLP, submits its Rule 16 Scheduling Conference

Statement in accordance with Rule 16 of the Federal Rules of Civil Procedure and Rule 16.2(b) of the Local Rules of Practice for the United States District Court for the District of Hawai'i.

I. **NATURE OF THE CASE**

This lawsuit is a putative consumer class action seeking damages relating to HIKC's labeling of its coffee blends to include the word "Kona." Plaintiff Herb Souza, a California resident who has allegedly purchased HIKC's coffee products in California, on behalf of himself and all others similarly situated ("**Souza**" or "**Plaintiff**"), seeks to represent a nationwide class and a California subclass.

This lawsuit is the latest in a series of copycat lawsuits that have been filed against HIKC. The first lawsuit was filed on March 1, 2019, in the Western District of Washington. In that lawsuit, a putative nationwide class of consumers brought a class action against several coffee companies and retailers for allegedly deceptively labeling coffee with the word "Kona" when the coffee purportedly was not 100% pure Kona coffee. *Bond v. Costco et al.*, No. 2:19-cv-0305-RSL (W.D. Wash.) ("*Bond*"), ECF No. 1 (filed March 1, 2019) ("*Bond* **Complaint**"). A companion Lanham Act lawsuit, was also filed in the Western District of Washington. *See Corker et al. v. Hawaiian Isles Kona Coffee, Ltd., et al.*, No. 2:19-cv-00290-RSL (W.D. Wash.) ("*Corker*"), at ECF No. 1 (filed on February 27, 2019) ("*Corker* **Complaint**").

Four days after *Bond* was filed, the first copycat action, *DeArmey*, was filed in the Central District Court of California, by the same attorneys who now represent Souza. *See DeArmey v. Hawaiian Isles Kona Coffee Company, Ltd.*, SACV 19-432 JVS (KESx) ("***DeArmey***"), at ECF No. 1 (filed March 5, 2019) ("***DeArmey* Complaint**"). The *DeArmey* Complaint and First Amended Complaint overlapped substantially with the *Bond* Complaint. After the *DeArmey* Court granted HIKC's Motion to Dismiss in large part, that case was voluntarily dismissed on August 21, 2019.

On April 14, 2020, this lawsuit—the second copycat action—was filed by former named Plaintiff, Andrew Chung ("***Chung***"). *See* Complaint, filed April 14, 2020 [ECF No. 1] (the "***Chung* Complaint**"). After HIKC's counsel relayed that the facts alleged in the *Chung* Complaint were demonstrably false, on June 8, 2020, Souza filed the First Amended Complaint in this action [ECF No. 11] (the "**FAC**"). This action is the *third* time Souza's attorneys have attempted to bring nearly identical allegations and claims against HIKC.

The allegations in Souza's FAC and the *DeArmey* Complaint (as well as the *Chung* Complaint) overlap substantially with the earlier-filed *Bond* Complaint. All of the lawsuits allege that HIKC deceptively labeled its coffee products as "Kona" when it contained little to no Kona coffee. All lawsuits (with the exception of *Corker*, a Lanham Act action) also involve nearly identical claims, including

claims of breach of express warranty; breach of implied warranty; common-law fraud, fraudulent concealment, and intentional misrepresentation; and quasi-contract/unjust enrichment/restitution.

Moreover, all Complaints rely on the same elemental testing analyses and the same scatter shot graphs that purport to compare the chemical compositions of "authentic Kona" to the coffee blends sold by HIKC, referenced in the *Bond* and *Corker* Complaints, concluding that HIKC's products likely contain little to no Kona coffee. Souza's FAC therefore depends on the validity of the elemental testing in *Corker*—namely, that the science cited to in the *Corker* Complaint is accurate and can weed out Kona coffee from coffee that is not 100% Kona. However, there is no plausible way that Souza was able to confirm the reliability or method or even review the alleged study because the *Corker* plaintiffs—different plaintiffs in a separate litigation represented by a separate law firm—have thus far refused to produce this evidence pursuant to privilege and work product objections.

HIKC has moved to dismiss the third and most recent copycat lawsuit, as set forth below.

## II. <u>JURISDICTION AND VENUE</u>

This Court has jurisdiction under 28 U.S.C. § 1332. This is a civil action between citizens of different states and foreign nations in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars

($75,000.00).

## III. JURY TRIAL

Plaintiff filed a demand for jury trial under Fed. R. Civ. P. 38 on June 8, 2020.  *See* FAC [ECF No. 11].

## IV. DISCLOSURES

The parties have agreed to make the required FRCP 26 and LR 26.1 disclosures within 30 days after the Court's ruling on HIKC's pending Motion to Dismiss Plaintiff's First Amended Complaint, Filed June 8, 2020 [ECF No. 11], which was filed on October 9, 2020 (the "**Motion to Dismiss**").  ECF No. 18.

## V. DISCOVERY/PENDING MOTIONS

HIKC filed its Motion to Dismiss, on October 9, 2020.  *Id*.  The Motion to Dismiss has not yet been set for a hearing.  As set forth above, Souza's counsel has filed a nearly identical action in the Central District of California that was voluntarily dismissed without prejudice, after the California court granted in large part HIKC's motion to dismiss, which addressed nearly identical claims and allegations at-issue in this action.  *See DeArmey v. Hawaiian Isles Kona Coffee Co., Ltd*, 2019 WL 6723413 (C.D. Cal. July 22, 2019) (the *DeArmey* Court's Order, granting in part and denying in part HIKC's Motion to Dismiss and Motion to Strike).

Notably, the California court rejected DeArmey's attempt to bring a

nationwide class for similar claims against HIKC, on virtually identical facts and allegations. *Id.* The *DeArmey* Plaintiff, like Souza, was a California resident who allegedly purchased HIKC coffee products in California. The *DeArmey* Court held that the laws of the various states differed such that claims of fraud, unjust enrichment, breach of the implied warranty of merchantability, and breach of express warranty could not proceed on a nationwide basis. *Id.* Souza is a resident of California that has not claimed to have purchased HIKC's products in Hawai'i. *See* FAC [ECF No. 18] at ¶ 12 (Souza only alleges that he purchased HIKC coffee from "Marukai Market in Gardena California.").

The parties met and conferred pursuant to FRCP 26 on October 21, 2020. No discovery has been completed to date; the parties have agreed that Rule 26(a)(1) initial disclosures will be made within thirty (30) days after the determination of HIKC's pending Motion to Dismiss, and that further discovery shall proceed as permitted under the applicable Federal Rules of Civil Procedure and Local Rules.

## VI. **<u>RULE 16 SPECIAL PROCEDURES AND OTHER MATTERS</u>**

The Parties have discussed alternative dispute resolution options, including, without limitation, an "early" settlement conference or mediation. The parties are prepared to consider this matter further and discuss options at the Scheduling Conference.

## VII. RELATED CASES

As set forth above, Souza's FAC is the third time, and Souza is the third plaintiff—after *DeArmey* in California, and *Chung* in the original Complaint herein—that Plaintiff's counsel have attempted to bootstrap onto the *Corker* and *Bond* lawsuits. *DeArmey*, *Chung* and Souza's complaints have virtually identical allegations as *Bond* and cite to the same scientific studies alluded to in *Corker*.

As of the date of this submission, the *Corker* lawsuit is still pending. However, the *Bond* and *DeArmey* actions have been voluntarily dismissed. Souza filed the FAC after HIKC's counsel relayed that the facts alleged in the *Chung* Complaint were demonstrably false. The *DeArmey* action was voluntarily dismissed, by the same counsel representing Souza, after the California court granted in large part, HIKC's motion to dismiss. After receiving adverse rulings in the California court, Souza's counsel try to resurrect those same claims here in Hawai'i, before this Court.

## VIII. ADDITIONAL MATTERS

None at this time.

DATED: Honolulu, Hawaiʻi, October 22, 2020.

/s/ *William M. Harstad*
KARL K. KOBAYASHI
WILLIAM M. HARSTAD
TINA M. TSUCHIYAMA

Attorneys for Defendant
HAWAIIAN ISLES KONA COFFEE
COMPANY, LTD.