# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 20-00158 LEK-RT |
| CASE NAME: | Herb Souza vs. Hawaiian isles Kona Cofee Company, LTD., |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 01/26/2021 |

COURT ACTION:   EO: COURT ORDER RULING ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, FILED JUNE 8, 2020 [ECF NO. 11]

Before the Court is Defendant Hawaiian Isles Kona Coffee Company, Ltd.'s ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint, Filed June 8, 2020 [ECF No. 11] ("Motion"), filed on October 9, 2020. [Dkt. no. 18.] Plaintiff Herb Souza ("Plaintiff") filed his memorandum in opposition on November 25, 2020, and Defendant filed its reply on December 4, 2020. [Dkt. nos. 25, 26.] The Motion came on for hearing on December 18, 2020.

The parties are hereby informed that the Motion is GRANTED IN PART AND DENIED IN PART. The Court's rulings include, but are not limited to:

1)   The portion of the Motion asking this Court to strike parts of the First Amended Class Action Complaint ("Amended Complaint"), [filed 6/8/20 (dkt. no. 11),] pursuant to Fed. R. Civ. P. 12(f), is DENIED, for the same reasons set forth in DeArmey v. Hawaiian Isles Kona Coffee Co., Case No. SACV 19-432 JVS(KESx), 2019 WL 6723413, at *3 (C.D. Cal. July 22, 2019). Although DeArmey is not binding on this Court, the analysis in that case is directly on point and is highly persuasive as to the issues presented in the instant Motion.

2)   The common law claims that Plaintiff attempts to assert on behalf of the members of the Nationwide Class who are not members of the California Subclass, as those terms are defined in the Amended Complaint, are DISMISSED for lack of subject matter jurisdiction, for the same reasons set forth in DeArmey. See id. at *3-4. The dismissal is WITHOUT PREJUDICE because it is arguably possible for Plaintiff cure the defects in those claims by adding parties and/or amending the complaint. See Anderson v. Ghaly, 930 F.3d 1066, 1081 (9th Cir. 2019) ("dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment" (brackets and citation omitted)). Because this jurisdictional defect is not present with regard to the California Subclass,

the Court will defer consideration of issues related to the California Subclass until the class certification stage.  In ruling on the remaining issues in the Motion, only the claims that Plaintiff brings on his own behalf will be considered.

3)  Plaintiff's claims that sound in fraud fail to satisfy the heightened pleading standard required under Fed. R. Civ. P. 9(b) and the case law interpreting that rule.  See DeArmey, 2019 WL 6723413, at *4-5.  Although Plaintiff argues there are additional factual allegations pled in the Amended Complaint, as compared to the allegations pled in DeArmey, the allegations of the Amended Complaint are still insufficient to satisfy the heightened pleading standard.  Plaintiff's fraud-based claims are therefore DISMISSED WITHOUT PREJUDICE.

4)  Plaintiff's unjust enrichment, breach of implied warranty, and breach of express warranty claims are not subject to the heightened pleading standard, but they fail to state plausible claims for relief.  See id. at *5-6.  Those claims are DISMISSED WITHOUT PREJUDICE.

5)  The portion of Plaintiff's claim under the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, asserting a fraudulent business act or practice was dismissed because it does not meet the heightened pleading standard.  The portions of Plaintiff's UCL claim asserting an unlawful act/practice or an unfair act/practice are not subject to the heightened pleading standard, and the allegations of the Amended Complaint are sufficient to state plausible claims under the unlawful and unfair prongs of § 17200.  See DeArmey, 2019 WL 6723413, at *6-7.

A written order will follow that will supersede these rulings.  If any party wishes to file a motion for reconsideration, the party must wait until the written order is filed to do so.  The written order will also include: a deadline for the filing of a second amended complaint; and instructions regarding whether and, if so, when Defendant must file an answer to the remaining portions of the Amended Complaint.  No pleadings shall be filed until after the written order is issued.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager